IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

CLIFFORD EATON,

          COURT FILE NO.: 3:10-cv-0047 RRE-KKK

    Plaintiff,

v.

LVNV FUNDING LLC,

    Defendant.

_____

**ANSWER OF DEFENDANT LVNV FUNDING LLC**
_____

Defendant LVNV Funding ("LVNV") as and for its Answer to the Complaint of Clifford Eaton ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

    1.    In response to paragraph 1 of Plaintiff's Complaint, LVNV admits that Plaintiff is alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* but denies that it violated any law. LVNV admits that this Honorable Court has jurisdiction.

    2.    In response to paragraph 2 of Plaintiff's Complaint, LVNV admits that Plaintiff is a natural person, upon information and belief, but has insufficient information

1606767v1

and knowledge to either admit or deny the remaining allegations set forth therein and therefore denies the same.

3. In response to paragraph 3 of Plaintiff's Complaint, LVNV admits that it is a limited liability company organized under Delaware law and that at times, it is a furnisher of credit information under the FCRA but denies the remaining allegations.

4. In response to paragraph 4 of Plaintiff's Complaint, LVNV admits that it purchases charged-off debts but denies that it attempts to collect them.

5. In response to paragraph 5 of Plaintiff's Complaint, LVNV admits that it utilizes the services provided by Resurgent Capital Services LP, which at times includes Resurgent Capital Services LP contacting consumers and seeking payments for amounts owed on charged-off accounts that it owns.

6. LVNV denies the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. In response to paragraph 9 of Plaintiff's Complaint, LVNV states that Resurgent Capital Services LP's alleged "Validation of Debt" letter to Plaintiff speaks for

itself while denying the allegations to the extent, if any, that the allegations misinterpret or misconstrue said letter.

10. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. In response to paragraph 11 of Plaintiff's Complaint, LVNV states that Resurgent Capital Services LP's alleged August 29, 2009 letter to Plaintiff speaks for itself while denying the allegations to the extent, if any, that the allegations misinterpret or misconstrue said letter.

12. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. LVNV denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. In response to paragraph 18 of Plaintiff's Complaint, LVNV admits that it has not attempted to communicate with Plaintiff and denies that Plaintiff sent it a dispute letter on February 3, 2009.

19. LVNV denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. LVNV denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. LVNV denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. LVNV restates and realleges paragraphs 1 through 21 as though fully stated herein.

23. LVNV denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. LVNV denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. LVNV denies the allegations set forth in paragraph 25 of Plaintiff's Complaint and all its subparts.

26. LVNV restates and realleges paragraphs 1 through 26 as though fully stated herein.

27. LVNV denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. LVNV denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. LVNV denies the allegations set forth in paragraph 29 of Plaintiff's Complaint and all its subparts.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of LVNV.

### THIRD DEFENSE

LVNV further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against LVNV.

### SIXTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of LVNV.

### SEVENTH DEFENSE

Plaintiff has failed to properly allege a violation of the FCRA.

**WHEREFORE**, LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against LVNV with prejudice and on the merits; and,

2. Awarding LVNV such other and further relief as the Court deems just and equitable.

Dated:  June 4, 2010.         MOSS & BARNETT
                              A Professional Association

                              s/ James R. Bedell
                              John K. Rossman (Minn. #244831)
                              Michael S. Poncin (Minn. #296417)
                              James R. Bedell (Minn. #351544)
                              4800 Wells Fargo Center
                              90 South 7th Street
                              Minneapolis, MN 55402-4129
                              Telephone: (612) 877-5000
                              Fax: (612) 877-5999
                              E-Mail: RossmanJ@moss-barnett.com
                              E-mail: PoncinM@moss-barnett.com
                              E-mail: BedellJ@moss-barnett.com

                              Attorneys for Defendant LVNV Funding LLC